[Civ. No. 9671.   First Appellate District, Division Two.—February 28, 1935.]

ROY E. CLARK, Respondent, v. LORRAINE deSAISSET, as Administratrix, etc., Appellant.

Owen D. Richardson for Appellant.

J. L. Smith for Respondent.

NOURSE, P. J.—In an action tried before the court, sitting without a jury, the plaintiff had judgment against the estate upon a written contract with the deceased under which the latter agreed to pay plaintiff "50% of whatever

money or property shall be recovered by or for said Pierre deSaisset''. In an action prosecuted in Santa Clara County for his principal the plaintiff, through counsel employed by him, recovered a judgment decreeing that Pierre was entitled to a one-third life estate interest in certain real property with an accumulated net income therefrom of over $429,000. After deducting offsets paid to Pierre it was found that he was entitled to the unpaid balance of $16,000. It was further found in the Santa Clara action that $20,000 was a reasonable sum to be retained as a ''reserve fund'' for the purpose of ''extraordinary repairs or rebuilding in case of destruction of the buildings . . . by earthquake, fire, or other causes''. Pierre was thereupon charged with one-third of that sum, or $6,666.66 and the balance was paid to him by the defendants in that action. He then paid to plaintiff fifty per cent of the sum so paid and requested him to forbear action for his portion of the sum left in the reserve fund. Plaintiff acceded to this request. Pierre died, terminating the life estate, and the trustees of the reserve fund paid to his administratrix the portion of that fund accredited to him. Plaintiff thereupon duly presented his claim to the administratrix, and, upon the rejection of the claim, commenced this action. The judgment appealed from is for the full sum claimed plus interest from the date of the recovery in the Santa Clara judgment. The appeal herein attacks the judgment as to both principal and interest.

In so far as the attack is directed to the principal of the judgment the appeal is frivolous. The respondent and the deceased had a binding contract whereby the latter agreed to pay to the respondent fifty per cent of whatever ''money or property'' the respondent should recover for him. The respondent recovered a judgment decreeing that the deceased was entitled to a one-third life estate in certain property and through this decree deceased was paid one-third of the income from this property until the time of his death. The retention of a portion of the *accrued* income for emergency purposes was a matter with which this respondent had no concern. When that judgment was entered respondent was entitled to immediate payment of fifty per cent of all the money or property recovered by the deceased. Having made demand for payment upon the de-

ceased respondent was forestalled by the promise that he would be paid fifty per cent of the sum held in reserve as soon as rents and profits were available.

We conclude: the contract called for payment in money or property recovered; both money and property were recovered in the Santa Clara judgment; the reserve fund was held in trust for certain purposes, but the trust terminated with the death of the deceased and the extinction of his life estate when the trustees paid the fund over to the administratrix; respondent's "recovery" dates from the Santa Clara judgment when the money was then demandable.  As the sum due was fixed and certain at that time, interest on the judgment herein should run from the date of the Santa Clara judgment.

No other point requires consideration.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1935.